

FILED
CLERK, U.S. DISTRICT COURT
APR 16 2025
CENTRAL DISTRICT OF CALIFORNIA
BY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. C25-MJ-846 |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| GABRIEL SANTIAGO-VIVAR, | |
| Defendant. | |

I.

On April 16, 2025, Defendant Gabriel Santiago-Vivar – assisted by a Spanish Language interpreter - made his initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Iboh Umodu was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Kelly Laroque. Defendant submitted on the recommendation of detention in the report prepared by U.S. Probation and Pretrial Services.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ family ties outside the United States/ limited ties to CDC
☒ No legal status in the United States
☒ limited bail resources
☒ misdemeanor convictions for giving false identification, driving with a suspended license and driving under the influence.
☒ Defendant is alleged to have entered the United States without permission after being deported in 2019.

As to danger to the community:

☒ allegations in the complaint

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 16, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE